IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS P. HERRERA,

    Plaintiff,

                                                                                             No. 2:23-cv-1101 JB/KRS

CITY OF JAL POLICE DEPARTMENT,
ROBERT EMBLEY and JOSE SIERRA,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court upon review of the docket.

## Current Procedural Posture

Defendants filed an opposed motion for summary judgment on September 18, 2024 (Doc. 44). Plaintiff's response to Defendants' summary judgment motion was due on or before October 2, 2024. *See* D.N.M. LR-Civ. 7.4(a). On September 30, 2024, without filing a response to the summary judgment motion, Plaintiff's counsel, Attorney Ricardo Jasso of JASSO & JASSO LAW FIRM, LLC, moved to withdraw from the case. *See* (Doc. 48). That motion was granted by Stipulated Order For Withdrawal As Counsel Of Record entered on October 11, 2024 (Doc. 51). On October 15, 2024, the case was referred to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. (Doc. 52).

Attorney Jasso's Motion to Withdraw did not provide either (1) notice of appointment of substitute attorney; or (2) a statement of the client's intention to appear *pro se* and the client's address and telephone number, as required by D.N.M. LR-Civ. 83.8(a). *See* (Doc. 48). No appearance of substitute counsel on Plaintiff's behalf has been filed in the case. On November 8,

2024, the Court ordered Attorney Jasso to comply with D.N.M. LR-Civ. 83.8(a) by filing notice with the Court on or before November 20, 2024 indicating Plaintiff's last known address and telephone number. Despite the fact that Attorney Jasso remains on the case docket as the forwarding contact for Plaintiff and therefore should have received electronic service of the Court's order, he has not complied with the Court's order.

## **Applicable Legal Principles**

A failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M. LR-Civ. 7.1(b). "However, summary judgment cannot properly be granted solely because the opposing party failed to respond." *United States v. Jackson*, No. CIV–11–406–D, 2012 WL 5292952, at *1 (W.D. Okl. Aug. 21, 2012) (citing *Ames v. Brown*, 2006 WL 1875374, at *3 n. 8 (10th Cir. July 7, 2006) (unpublished opinion) (citing *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). "Instead, the district court 'must make the additional determination that judgment for the moving party is appropriate under Rule 56.' To do so, the Court must determine that the moving party has made a sufficient factual showing and legal argument to justify granting summary judgment even if no opposing brief is submitted[.]" *Id.* (quoting *Reed*, 312 F.3d at 1195).

"A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M. LR-Civ. 41.1. Typically, "[t]he Clerk will give written notice that the action may be dismissed thirty (30) days after the date of the notice, unless good cause is shown." *Id.*

All attorneys of record *and* pro se parties have a continuing duty to notify the Clerk, in writing, of any change in their mailing addresses and telephone numbers. *See* D.N.M. LR-Civ. 83.6.

## **Application of Legal Principles**

The last filing in the case made by Plaintiff or on his behalf is his attorney's withdrawal motion, filed on September 30, 2024. More than ninety days will have expired if, within thirty days from the date of this notice, Plaintiff has not taken any action in the case. Nevertheless, given his attorney's withdrawal without compliance with D.N.M. LR-Civ. 83.8(a), the Court will require Plaintiff to respond to this order within sixty (60) days instead. The Court realizes that, without a forwarding address, the pro se Plaintiff may not receive this order. Further, the Court is not under any duty to determine Plaintiff's contact information for itself. Nevertheless, the Court's review of the record indicates two potential forwarding addresses for the pro se Plaintiff Jesus P. Herrera:

| | | | |
|---|---|---|---|
| c/o: | Jasson & Jasso Law Firm, PLLC<br>Ricardo Jasso<br>522 W. Broadway<br>Hobbs, NM 88240 | c/o: | Cynthia Herrera<br>1311 S. 14th Street<br>Hobbs, NM 88240 |

Accordingly, it is hereby **ORDERED** that Plaintiff **SHOW CAUSE** within **sixty (60) days** of entry of this order why the Court should not recommend that the case be dismissed without prejudice for failure to prosecute. This order constitutes notice that the action may be dismissed for want of prosecution as set forth in D.N.M. LR-Civ. 41.1.

In the alternative, the Court **ORDERS** Plaintiff to **SHOW CAUSE** within **sixty (60) days** of entry of this order why, after proper review under Rule 56, the Court should not recommend that the pending summary judgment motion be granted and the case dismissed with prejudice.

The Court **DIRECTS** the Clerk of Court to mail a copy of this order to Jesus P. Herrera at the two addresses set forth above. In addition, Defendants shall serve a copy of this Order on Plaintiff at any and all forwarding mailing or electronic addresses for Plaintiff of which Defendants are aware, and to file a certificate of service on the docket if such service has been made.

IT IS SO ORDERED this 3rd day of December, 2024.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE