IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS P. HERRERA,

    Plaintiff,

No. 2:23-cv-1101 JB/KRS

CITY OF JAL POLICE DEPARTMENT,
ROBERT EMBLEY and JOSE SIERRA,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The case was referred to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. (Doc. 52). For the reasons set forth below, the undersigned recommends that the Court dismiss the case without prejudice for failure to prosecute.

**Background**

This case was removed from state court on December 13, 2023. (Doc. 1). The state court complaint was filed on November 2, 2023, and alleged that the City of Jal, and Police Officers Robert Embley and Jose Sierra ("Defendants") violated Plaintiff's civil rights under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. At the time of removal, Plaintiff was represented by legal counsel. On September 18, 2024, Defendants filed an opposed "Motion For Summary Judgment On The Basis Of Qualified Immunity And Other Grounds" (Doc. 44). Plaintiff's response to Defendants' summary judgment motion was due on or before October 2, 2024. *See* D.N.M. LR-Civ. 7.4(a). On September 30, 2024, without filing a response to the summary judgment motion, Plaintiff's counsel, Attorney Ricardo Jasso of JASSO & JASSO LAW FIRM, LLC, moved to withdraw from the case. *See* (Doc. 48). The Court granted that motion by Stipulated

Order For Withdrawal As Counsel Of Record entered on October 11, 2024 (Doc. 51). Afterwards, no appearance of substitute counsel was ever filed on Plaintiff's behalf. Therefore, on November 8, 2024, the undersigned ordered Attorney Jasso to comply with D.N.M. LR-Civ. 83.8(a) by filing a notice indicating Plaintiff's last known address and telephone number. (Doc. 54).[1]

No response to the Court's November 8, 2024 order was ever filed by Attorney Jasso. Accordingly, on December 3, 2024, the undersigned ordered Plaintiff to show cause why the Court should not recommend that the case be dismissed without prejudice for failure to prosecute, *see* D.N.M. LR-Civ. 41.1,[2] or, after proper review under Rule 56, why the Court should not recommend that the pending summary judgment motion be granted and the case dismissed with prejudice. *See* (Doc. 55). The undersigned stated in the show cause order that the Court realized that, without a forwarding address, the *pro se* Plaintiff might not receive the show cause order, and, further, that the Court was not under any duty to determine Plaintiff's contact information for itself.[3] Nevertheless, the show cause order directed the Clerk of Court to mail a copy of the order to Jesus P. Herrera at two potential forwarding addresses found in the record, which the Clerk did in fact do.

In addition to the Clerk's mailings, Defendants also mailed copies of the order to the addresses set forth in the show cause order, and then filed notices on the docket indicating that the

---

[1] D.N.M. LR-Civ. 83.8(a) requires that a withdrawing attorney provide either (1) notice of appointment of substitute attorney; or (2) a statement of the client's intention to appear *pro se* and the client's address and telephone number. Instead of a forwarding address for the *pro se* Plaintiff Jesus Herrera, the docket in this matter then and now shows Attorney Jasso's name and business address as the only contact information for Plaintiff Herrera.

[2] "A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M. LR-Civ. 41.1. Typically, "[t]he Clerk will give written notice that the action may be dismissed thirty (30) days after the date of the notice, unless good cause is shown." *Id.*

[3] All attorneys of record *and* pro se parties have a continuing duty to notify the Clerk, in writing, of any change in their mailing addresses and telephone numbers. *See* D.N.M. LR-Civ. 83.6.

mailings were returned to sender marked "unable to forward." (Docs. 56, 56-1, 57, 57-1). In addition, Defendants sent a copy of the Court's order by mail and by email to Attorney Jasso. (Doc. 57). Although a return receipt shows that the certified mailing to Attorney Jasso was delivered on January 25, 2025 (Doc. 57-2), Defendants state in their notice that no response to the mailing or email was ever received, and the docket of this case also shows no response from Attorney Jasso. Furthermore, the docket of this case reflects that Plaintiff failed to respond to the show cause order, and for more than 90 days has not filed any pleading to move the case towards disposition.

## Discussion

A failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M. LR-Civ. 7.1(b). "However, summary judgment cannot properly be granted solely because the opposing party failed to respond." *United States v. Jackson*, No. CIV–11–406–D, 2012 WL 5292952, at *1 (W.D. Okl. Aug. 21, 2012) (citing *Ames v. Brown*, 2006 WL 1875374, at *3 n. 8 (10th Cir. July 7, 2006) (unpublished opinion) (citing *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). "Instead, the district court 'must make the additional determination that judgment for the moving party is appropriate under Rule 56.' To do so, the Court must determine that the moving party has made a sufficient factual showing and legal argument to justify granting summary judgment even if no opposing brief is submitted[.]" *Id.* (quoting *Reed*, 312 F.3d at 1195).

Rather than analyze the pending summary judgment motion to determine whether Defendants have made a sufficient factual showing and legal argument justifying the grant the summary judgment on qualified immunity grounds, the Court recommends that the case be dismissed pursuant to D.N.M. LR-Civ. 41.1 based on Plaintiff's failure to take any steps to move the case forward for a period of ninety days or more. The Court finds that Plaintiff has received

constructive if not actual notice of more than thirty days of the Court's intent to dismiss for failure to prosecute by virtue of the Court's show cause order and Defendants' mailings to potential forwarding addresses for Plaintiff shown in the record, and certified mailing and email to Plaintiff's former counsel (whose name and business address is the only forwarding contact information for Plaintiff provided by counsel at the time of his withdrawal). Accordingly, there is sufficient grounds in the record to dismiss the case for failure to prosecute. Further, Defendants will not be prejudiced by a dismissal without a ruling on their motion for summary judgment as a dismissal without prejudice for failure to prosecute will likely have the practical effect of a dismissal with prejudice due to the statute of limitations having expired on Plaintiff's claims. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired.").[4]

WHEREFORE, THE COURT RECOMMENDS that this lawsuit be dismissed without prejudice.

This 2nd day of April, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court also has the power to dismiss with prejudice for failure to prosecute, but must first consider certain criteria. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236. "The non-exhaustive list of factors is: '(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Id.* at 921 n.2 (quoting *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143–44 (10th Cir. 2007)). In the event the dismissal without prejudice were challenged as the equivalent of a dismissal with prejudice, the undersigned recommends that the Court also find, based on the procedural history recited earlier in this order, that all of these factors weigh in favor of a dismissal with prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**